**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **DELTA L. EADY,** | § | |
| **Reg. No. 13057-074,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | **SA-04-CA-0648 NN** |
| **F/N/U HEAD, F/N/U GRIFFIN, and** | § | |
| **F/N/U BALBOA,** | § | |
| | § | |
| **Defendants.** | § | |

# M E M O R A N D U M   D E C I S I O N

Before the Court is plaintiff Delta L. Eady's 42 U.S.C. § 1983 Civil Rights Complaint (Docket Entry # 5), defendants' Motion for Summary Judgment (Docket Entry # 38), and plaintiff's Motions to Alter or Amend Judgment (Docket Entry # 48), to Compel Discovery (Docket Entry # 49), and for Leave to File Corrected Memorandum in Opposition to Summary Judgment (Docket Entry # 50). This Memorandum Decision is entered pursuant to 28 U.S.C. § 636(c) and the consent of the parties. (*See* Docket Entries ## 31, 35, 36.)

## I.

Plaintiff Eady's § 1983 Complaint, as clarified by his responses to this Court's Interrogatories (Docket Entry # 6), alleges that during his confinement at the Karnes County Correctional Center (KCCC) from June 18 until July 9, 2002, he was not furnished adequate hygiene items, denied properly balanced meals and given inappropriate portions, denied access to the courts by the inadequacy of the law library, witnessed sewage back-up into the shower room, and transferred to another facility. He also alleges that his legal materials and affidavits relating to conditions at the KCCC were confiscated and destroyed.

In a previous Order, this Court directed defendants be served and required to answer Eady's claims that he was denied soap, toothpaste, and a toothbrush, and that backed-up sewage covered the floor of the KCCC shower rooms during his stay at KCCC. The Court dismissed Eady's other claims for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Defendants' Answer denied Eady's allegations and asserted that defendants are entitled to qualified immunity.

## II.

A party is entitled to summary judgment pursuant to Fed. R. Civ. P. 56(c) where the record shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A party against whom summary judgment is sought may not rest on the allegations or denials of his pleadings, but must come forward with sufficient evidence to demonstrate a "genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A dispute concerning a material fact is "genuine" and sufficient to overcome a summary judgment motion "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Conclusory allegations, speculation, and unsubstantiated assertions are not adequate to satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1429 (5th Cir. 1996) (en banc). Summary judgment may be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

To establish a claim under § 1983, a plaintiff must prove the violation of a right secured by the Constitution and laws of the United States and show the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed.

2d 40 (1988).  A prison official may be liable under the Eighth Amendment for deliberate indifference to prison health and safety conditions only if he knows an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).  Negligence is not a basis for a civil rights action under § 1983.  *See Daniels v. Williams*, 474 U.S. 327, 329-336, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986).  The case and controversy requirement of Article III of the Constitution requires that to establish a federal civil rights claim, the plaintiff must show an injury attributable to the defendant, *O'Shea v. Littleton*, 414 U.S. 488, 493-95, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974), that is more than trivial or de minimus.  *Siglar v. Hightower*, 112 F. 3d 191, 193-94 (5th Cir. 1997).

To establish an Eighth Amendment violation regarding conditions of confinement, an inmate must establish: first, the deprivation alleged was sufficiently serious to result in the denial of "the minimal civilized measure of life's necessities," such as the denial of food, clothing, shelter, protection, or medical care; and second, the prison official possessed a sufficiently culpable state of mind.  *Herman v. Holiday*, 238 F. 3d 660, 664 (5th Cir. 2001).  To satisfy the objective component "extreme deprivations are required to make out a conditions-of-confinement claim."  *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992).  If the plaintiff fails to demonstrate an "extreme deprivation of any 'minimal civilized measure of life's necessities,'" the court need not address the subjective component.  *Davis v. Scott*, 157 F. 3d 1003, 1005 (5th Cir. 1998).

- i -

Defendants' summary judgment evidence shows (*see* Docket Entry # 38 Ex. A) Eady signed a receipt acknowledging he was furnished a "hygiene pack" on arrival at KCCC consisting of soap,

toothpaste, a toothbrush, and shaving supplies. Plaintiff Eady acknowledges he was furnished hygiene items on June 18, 2002, but states the staff "failed to provide [him] with any other personal hygiene items . . . despite [his] repeated request[s]." However, the record shows KCCC made a reasonable effort to furnish Eady with hygiene items; if he later lost those items Plaintiff has failed to show that was Defendants' fault. Further, Plaintiff failed to show he suffered an injury resulting from his alleged lack of hygiene items, and therefore he has no basis for a claim. *See Matthews v. Murphy*, 956 F. 2d 275 (table), 1992 WL 33902 ** 3-4 (9th Cir. Feb. 25, 1992) (denying prisoner a towel, toothpowder, comb, soap, and other hygiene items for 34 days "do[es] not rise to the level of an Eighth Amendment violation").

### - ii -

Defendants' evidence (*see* Docket Entry # 38 Ex. B) shows: The cellblocks at KCCC are inspected daily and a written record is kept of deficiencies. On June 24 and 25, the records show the shower drain in cellblock 211 was clogged; on June 26 the plumbing in cellblock 211 was deemed "satisfactory;" on June 27 sewage over-flowed into the shower area; and on June 28 the record states the drain was clogged and it "stinks in there." On June 29, an inspection deemed the plumbing in cellblock 211 "satisfactory."

In response to Defendants' summary judgment evidence, Plaintiff states "on several occasions while I was showering . . . the sewage backwashed onto my feet;" and the "plumbing and sewer problems inside of cell block 211 continuously occurred[] in which no corrective action was reasonably taken by the KCCC staff." Plaintiff's response is vague and conclusory because it fails to state particular facts, such as on which or how many occasions he was subjected to these conditions, and thus is not sufficient to present a material issue for trial.

Defendants' evidence shows that during Plaintiff Eady's stay at KCCC the showers were out of order for only two consecutive days on two occasions. Plaintiff's response does not specifically contradict Defendants' evidence and thus is not sufficient to create a material issue for trial. Going without a shower and being exposed to the foul smell of a backed-up shower for two days on two separate occasions does not show deliberate indifference to Plaintiff's basic human needs or constitute cruel and unusual punishment in violation of the Eighth Amendment. *See Davis v. Scott*, 157 F. 3d at 1004-1006 (confinement in cell with blood and excrement on floor for three days was not an "exteme deprivation of any 'minimal civilized measure of life's necessities'" and thus not sufficient to state Eighth Amendment claim).

### - iii -

Qualified immunity extends to government officials performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). Determination of qualified immunity claims requires a two-step analysis: whether plaintiff has alleged a violation of a constitutional right and whether the constitutional right allegedly violated was clearly established at the time the events in question occurred. *Nerren v. Livingston Police Dept.*, 86 F.3d 469, 473 (5th Cir. 1996). When a public official pleads the affirmative defense of qualified immunity in his answer, it is the plaintiff's burden to overcome the defense, and the district court may require the plaintiff to reply to that defense in sufficient detail to overcome the defense or face dismissal. *Schultea v. Wood*, 47 F. 3d 1427, 1433 (5th Cir. 1995) (en banc). Because Eady failed to introduce evidence sufficient to create a material issue of fact concerning the violation of his clearly established constitutional rights, he failed to

overcome Defendants' qualified immunity defenses.  *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 28 F. 3d 1388, 1397-99 (5th Cir. 1994).

### III.

Plaintiff Eady's Motion for Leave to File Corrected Memorandum in Opposition to Summary Judgment (Docket Entry # 50) is **GRANTED**; Plaintiff's Motion to Alter or Amend Judgment (Docket Entry # 48), seeking reconsideration of this Court's previous Order dismissing some of Plaintiff's claims, is **DENIED** because Plaintiff failed to identify an error of law or fact or other grounds warranting such reconsideration; Plaintiff's Motion to Compel Discovery (Docket Entry # 49) is **DENIED** as untimely and for the reason stated in this Court's prior Order (*see* Docket Entry # 43); and Defendants' Motion for Summary Judgment (Docket Entry # 38) is **GRANTED**.  All other motions are **DENIED** as moot.

**SIGNED** on September 15, 2006.

*Nancy Stein Nowak*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE